GIBSON, DUNN & CRUTCHER LLP
WAYNE BARSKY, SBN 116732
wbarsky@gibsondunn.com
KATIE TOWNSEND, SBN 254321
ktownsend@gibsondunn.com
2029 Century Park East
Los Angeles, California 90067-3026
Telephone: (310) 552-8500
Facsimile: (310) 551-8741

Attorneys for Defendant,
LiveJournal, Inc

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| **MAVRIX PHOTOGRAPHS LLC**, <br><br> Plaintiff, <br><br> v. <br><br> **LIVEJOURNAL, INC.; and DOES 1 through 10, inclusive**, <br><br> Defendants. | CASE NO. 13-CV-00517-CJC (JPR) <br><br> **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT LIVE JOURNAL INC.'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT** <br><br> [Notice of Motion and Motion to Dismiss, Supporting Declaration of Katie Townsend, Request for Judicial Notice, and [Proposed] Orders Filed Concurrently Herewith] <br><br> Date:  August 5, 2013 <br> Time:  1:30 p.m. <br> Place:  Courtroom 9B <br> Judge:  Hon. Cormac J. Carney |

**TABLE OF CONTENTS**

Page

I. INTRODUCTION ...................................................................................... 1

II. RELEVANT BACKGROUND ................................................................. 2

III. APPLICABLE LEGAL STANDARDS .................................................... 3

IV. ARGUMENT .............................................................................................. 4

    A. Plaintiff's Complaint Fails To Satisfy The Requirements Of Rule 8(a)(2) ...................................................................................... 4

    B. The Complaint Fails To Allege Any Volitional Conduct On The Part Of LiveJournal That Would Support A Finding Of Direct Infringement .......................................................................... 7

    C. Plaintiff's Attempt To Plead Secondary Liability Fails As A Matter Of Law ................................................................................. 9

        1. Plaintiff Has Not—And Cannot—Allege Facts Sufficient To State A Claim For Contributory Infringement Or Inducement ............................................................. 9

        2. Plaintiff Has Not—And Cannot—Allege Facts Sufficient To State A Claim For Vicarious Infringement ............ 12

V. CONCLUSION ........................................................................................ 14

# TABLE OF AUTHORITIES

Page(s)

## Cases

*Ashcroft v. Iqbal*,
   556 U.S. 662; 129 S. Ct. 1937; 173 L. Ed. 2d 868 (2009) ............................... 3, 4

*Bell Atl. Corp. v. Twombly*,
   550 U.S. 544; 127 S. Ct. 1955; 167 L. Ed. 2d 929 (2007) ............................... 3, 4

*Branch v. Tunnell*,
   14 F.3d 449 (9th Cir. 1994) .............................................................................. 12

*Cartoon Network LP, LLLP v. CSC Holdings, Inc.*,
   536 F.3d 121 (2nd Cir. 2008) ............................................................................. 7

*CoStar Group, Inc. v. LoopNet, Inc.*,
   373 F.3d 544 (4th Cir. 2004) .............................................................................. 7

*Elan Microelectronics Corp. v. Apple, Inc.*,
   2009 U.S. Dist. LEXIS 83715 (N.D. Cal. Sept. 14, 2009) .................................. 5

*Galbraith v. County of Santa Clara*,
   307 F.3d 1119 (9th Cir. 2002) .......................................................................... 12

*Innospan Corp. v. Intuit, Inc.*,
   2011 U.S. Dist. LEXIS 29122 (N.D. Cal. Mar. 8, 2011) ............................. 10, 12

*Lindsay v. Wrecked & Abandoned Vessel R.M.S. Titanic*,
   1999 U.S. Dist. LEXIS 15837 (S.D.N.Y. Oct. 12, 1999) ................................... 5

*Luvdarts, LLC v. AT&T Mobility, LLC*,
   710 F.3d 1068 (9th Cir. 2013) ....................................................... 2, 9, 10, 12, 13

*Marder v. Lopez*,
   450 F.3d 445 (9th Cir. 2006) ............................................................................ 12

*Marvullo v. Gruner & Jahr*,
   105 F. Supp. 2d 225 (S.D.N.Y. 2000) ............................................................ 4, 5

*Metro-Goldwyn-Mayer Studios Inc. v. Grokster, Ltd.*,
   545 U.S. 913, 125 S. Ct. 2764, 162 L. Ed. 2d 781 (2005) ............................. 9, 11

*New Name, Inc. v. Walt Disney Co.*,
   2007 U.S. Dist. LEXIS 97855 (C.D. Cal. Dec. 3, 2007) .................................. 13

*Parker v. Google, Inc.*,
   422 F. Supp. 2d 492 (E.D. Pa. 2006) .......................................................... 13, 14

*Perfect 10, Inc. v. Cybernet Ventures, Inc.*,
   213 F. Supp. 2d 1146 (C.D. Cal. 2002) ................................................................. 7

*Perfect 10, Inc. v. Giganews, Inc.*,
   2013 U.S. Dist. LEXIS 71349 (C.D. Cal. Mar. 8, 2013) ............................. 2, 7, 8

*Perfect 10, Inc. v. Visa Int'l Serv. Ass'n*,
   494 F.3d 788 (9th Cir. 2007) ................................................................. 9, 11, 12

*Religious Tech. Ctr. v. Netcom On-Line Commun. Servs.*,
   907 F. Supp. 1361 (N.D. Cal. 1995) ................................................................. 7, 8

*Sega Enterprises, Ltd. v. MAPHIA*,
   948 F. Supp. 923 (N.D. Cal. 1996) ........................................................................ 7

*Sony Corp. of Am. v. Universal City Studios*,
   464 U.S. 417, 104 S. Ct. 774, 78 L. Ed. 2d 574 (1984) .................................. 9, 11

*Sprewell v. Golden State Warriors*,
   266 F.3d 979 (9th Cir. 2001) .................................................................................. 4

*Universal Surface Tech. v. Sae-A Trading Am. Corp.*,
   N2011 U.S. Dist. LEXIS 10127 (C.D. Cal. Jan. 26, 2011) .................................. 5

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT LIVEJOURNAL INC.'S
MOTION TO DISMISS PLAINTIFF'S COMPLAINT

Gibson, Dunn &
Crutcher LLP

## I. INTRODUCTION

Defendant LiveJournal, Inc. ("Defendant" or "LiveJournal") is the owner and operator of LiveJournal, a web-based social media platform (www.livejournal.com). In addition to providing its users with a means to create, maintain and share personalized online "journals," LiveJournal fosters communication and social interaction among its users by, *inter alia*, allowing them to create and contribute to group journals called "communities." Oh No They Didn't! ("ONTD!") is one such community—organized around a shared interest in pop culture and celebrity news—where members can post and comment on written entries, videos, photographs, and other content. Like other content found on LiveJournal, the content available on ONTD! is generated and uploaded by LiveJournal users.

Plaintiff Mavrix Photographs, LLC ("Plaintiff") initiated this action against LiveJournal and ten, unidentified "Doe" defendants, alleging that "Defendants" are liable for infringing Plaintiff's copyrights in 20 paparazzi photographs of celebrities Beyoncé and Katy Perry that were allegedly "upload[ed]" to ONTD! by "Defendants' users" (the "Photos"). Cmplt., ¶¶ 8–9. Without distinguishing between allegations pertaining to LiveJournal and those pertaining to third-party "Doe" defendants, the Complaint alleges that "Defendants" are liable for copyright infringement "either "directly, vicariously, contributorily and/or by inducement." Cmplt., ¶ 14. The Complaint—in addition to falling short of the basic pleading requirements of Rule 8 of the Federal Rules of Civil Procedure—fails to plead facts sufficient to state a plausible cause of action for copyright infringement against LiveJournal under any of these theories.

Plaintiff's Complaint amounts to little more than the claim that LiveJournal "owns and operates" ONTD! (Cmplt., ¶ 7)—a plainly insufficient basis for imposing liability for copyright infringement. The Complaint alleges no facts that would indicate that LiveJournal "actively engage[d] in" or "directly cause[d]" any alleged infringement of Plaintiff's copyrights in the Photos, and thus fails to satisfy the

1

"volitional conduct" requirement of a claim for direct infringement. *Perfect 10, Inc. v. Giganews, Inc.*, 2013 U.S. Dist. LEXIS 71349, *18 (C.D. Cal. Mar. 8, 2013). And Plaintiff's attempts to state a cause of action under a secondary liability theory fare no better. Plaintiff does not—and cannot—allege facts sufficient to show that LiveJournal had the "requisite specific knowledge" of any alleged infringement of Plaintiff's copyrights in the Photos, or facts sufficient to show that LiveJournal "induced, caused, or materially contributed" to that infringing conduct, so as to be held contributorily liable for it. *Luvdarts, LLC v. AT&T Mobility, LLC*, 710 F.3d 1068, 1070, 1072 (9th Cir. 2013). Nor does the Complaint allege facts sufficient to show that LiveJournal had both the "right and ability to supervise [] infringing activity," and "a direct financial interest" in the alleged infringement of Plaintiff's copyrights and, thus, it cannot state a claim for vicarious infringement. *Id*.

For the reasons set forth in detail herein, Plaintiff's Complaint fails, as a matter of law, to state a plausible claim against LiveJournal for direct, contributory or vicarious infringement of Plaintiff's alleged copyrights in the Photos and, accordingly, this action should be dismissed.

## II. RELEVANT BACKGROUND

LiveJournal is a web-based social media platform that allows registered users to create and maintain online journals and communities where they can post written entries, messages, data, information, music, photography, video, and other content. Declaration of Katie Townsend ("Townsend Decl."), Exs. A–B.[1] LiveJournal emphasizes personal expression and user interaction by allowing users to, *inter alia*, create personal, customized profiles and journals that can be viewed and commented

---

[1] As set forth in LiveJournal's concurrently filed Request for Judicial Notice ("RJN"), this Court may "take judicial notice of matters of general knowledge" pursuant to Rule 201(b)(1) of the Federal Rules of Evidence. *See Giganews*, 2013 U.S. Dist. LEXIS 71349 at *3–4 (citation omitted). Accordingly, LiveJournal respectfully requests that the Court take judicial notice of, *inter alia*, certain "generally known aspects" of LiveJournal and ONTD! that are not in dispute. *Id*.

on by other users, view friends' journals, and create and participate in "communities"—group journals, organized around a common interest or subject, where multiple users can post comments or entries. *Id.*, Exs. A–C. LiveJournal currently hosts over 64.5 million journals and communities. *Id.*, Ex. A. ONTD! (http://ohnotheydidnt.livejournal.com) is a LiveJournal community organized around a shared interest in pop culture and celebrity news. *Id.*, Exs., C–D. ONTD! has almost 100,000 members with the ability to post entries and other content. *Id.*, Ex. E. Content on the journals and communities hosted by LiveJournal is user-generated. *See id.*, Exs. B–C; *see also* Cmplt., ¶ 8.

On May 1, 2013, Plaintiff served Defendant with a Complaint alleging one cause of action for copyright infringement under 17 U.S.C. § 501, *et seq*. against LiveJournal and ten "Doe" defendants. According to the Complaint, Plaintiff owns the copyrights in 20 photographs of Beyoncé and Katy Perry (the "Photos") that were allegedly "upload[ed]" to ONTD! by "Defendants' users." Cmplt., ¶¶ 8–9. The Complaint alleges that the "Defendants" are liable for infringing Plaintiff's copyrights in the Photos either "directly, vicariously, contributorily and/or by inducement." Cmplt., ¶ 14.

## III.   APPLICABLE LEGAL STANDARDS

Federal Rule of Civil Procedure 8(a)(2) requires that a pleading set forth a "short and plain statement of the claim showing that the pleader is entitled to relief" and giving "the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554–56; 127 S. Ct. 1955; 167 L. Ed. 2d 929 (2007) (citations omitted). The pleading standard it announces "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation"; "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678; 129 S. Ct. 1937; 173 L. Ed. 2d 868 (2009).

In order to survive a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678 (citation omitted). A facially-plausible claim "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," and offers "more than a sheer possibility that a defendant has acted unlawfully." *Id*. "Factual allegations must be enough to raise a right to relief above the speculative level." *Twombley*, 550 U.S. at 555.

For purposes of ruling on this Motion to Dismiss, the Court must accept as true the factual allegations contained in the Complaint. *Id*. at 555. However, the Court need not accept as true "allegations that contradict matters properly subject to judicial notice or by exhibit" or "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001) (citation omitted), amended on other grounds, 275 F.3d 1187 (9th Cir. 2001).

### IV.   ARGUMENT

#### A.   Plaintiff's Complaint Fails To Satisfy The Requirements Of Rule 8(a)(2)

As an initial matter, dismissal is warranted here for the simple reason that Plaintiff's Complaint fails to meet the minimal pleading standard announced in Federal Rule of Civil Procedure 8(a)(2).

As set forth above, the "obligation" imposed on a plaintiff by Rule 8(a)(2) to plead "the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions. *Twombly*, 550 U.S. at 554–56. It requires the pleading of "sufficient factual matter" to "state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 663. Accordingly, Rule 8(a)(2) has been construed to require, *inter alia*, "a plaintiff to plead with specificity the acts by which a defendant has committed copyright infringement." *Marvullo v. Gruner & Jahr*, 105 F. Supp. 2d 225, 230 (S.D.N.Y. 2000) (citations omitted) (stating that a complaint for copyright infringement "must set out

the 'particular infringing acts . . . with some specificity. Broad, sweeping allegations of infringement do not comply with Rule 8.'") And federal courts in California have not hesitated to grant motions to dismiss claims of infringement where a complaint fails to allege facts "indicating what acts" on the part of the defendant "constitute the alleged infringement." *Universal Surface Tech. v. Sae-A Trading Am. Corp.*, 2011 U.S. Dist. LEXIS 10127, *6 (C.D. Cal. Jan. 26, 2011) (dismissing copyright infringement claim based on the "conclusory allegation that defendants 'have infringed, and continue to infringe plaintiff's exclusive copyrights by reproducing, preparing derivative works of, and distributing infringing copies of' plaintiff's copyright"); *see also*, *e.g.*, *Elan Microelectronics Corp. v. Apple, Inc.*, 2009 U.S. Dist. LEXIS 83715, *2–4 (N.D. Cal. Sept. 14, 2009) (dismissing patent infringement claims for failure to comply with Rule 8 where complaint alleged that defendant "has been and is currently, directly and/or indirectly infringing, in violation of 35 U.S.C. § 271" the specified patents "through its design, marketing, manufacture and/or sale of touch sensitive input devices or touchpads, including but not limited to the Smart-Pad").

Here, the Complaint purports to allege, in the alternative, claims of direct, contributory, "and/or" vicarious copyright infringement against Live Journal (and/or others) in the most conclusory of terms. See, e.g., Cmplt., ¶ 14; *compare with Marvullo*, 105 F. Supp. 2d at 228 (finding that the "plaintiff's unadorned allegation . . . that defendants have published the . . . photograph 'beyond the scope of the limited license,' absent any factual support, merely states a legal conclusion insufficient to withstand a motion to dismiss"); *Lindsay v. Wrecked & Abandoned Vessel R.M.S. Titanic*, 1999 U.S. Dist. LEXIS 15837 (S.D.N.Y. Oct. 12, 1999) (dismissing copyright infringement claim where plaintiff's "vague and conclusory allegations," such as that defendant "did knowingly and willfully infringe upon Plaintiff's copyright . . . by unlawfully purchasing and/or otherwise obtaining copies of the Subject Work," were "as a matter of law, insufficient"). As discussed in more detail below, the Complaint is entirely devoid of specific factual allegations indicating any volitional, affirmative acts

taken by LiveJournal that Plaintiff asserts are sufficient to hold it liable for infringement, under any theory. Indeed, critically, the Complaint fails to even distinguish between LiveJournal and any of the unidentified "Doe" defendants named in the Complaint—thereby forcing LiveJournal to guess at what general allegations may (or may not) be directed at it, as opposed to some unidentified third party. For instance, while Plaintiff alleges that "LiveJournal owns and operates" ONTD! (Cmplt., ¶ 7), it vaguely hangs the vast majority of its general allegations on some "Defendant" or "Defendants," interchangeably (or collectively), and possibly in the alternative. (*See*, *e.g.*, *id.*, ¶ 8 (alleging that the copyrights to "celebrity images" on ONTD! are not owned by "Defendant, or, to Defendants' knowledge and awareness, Defendants' users who upload the images and other content"); *see also*, *e.g.*, *id.*, ¶ 18 (alleging that "Defendants" have infringed Plaintiff's copyrights by "virtue of Defendants' employees' creation of [ONTD!] and establishment and continual moderation and management of [its] rules. . .").

Particularly where, as here, the Complaint acknowledges that third parties—and not Live Journal—are responsible for uploading content to ONTD! (*see id.*, ¶ 8), and Plaintiff appears to be attempting to assert claims of direct "and/or" secondary liability for copyright infringement against LiveJournal, Plaintiff's failure to identify what—*if any*—alleged infringing acts it claims are directly attributable to LiveJournal (as opposed to some third party) renders the Complaint fatally ambiguous and, alone, warrants dismissal. Live Journal is entitled—*at the very least*—to notice of the specific allegations that Plaintiff claims are the grounds for subjecting it to liability for infringement. The Complaint's vague and conclusory allegations that one or more "Defendants" have "directly, vicariously, contributorily and/or by inducement" infringed Plaintiff's copyrights by "knowingly reproducing, displaying, distributing, and utilizing the Photos" say, essentially, nothing, and fall far short of the requirements of Rule 8(a)(2). *See* Cmplt. ¶¶ 14, 18.

### B. The Complaint Fails To Allege Any Volitional Conduct On The Part Of LiveJournal That Would Support A Finding Of Direct Infringement

"To allege a prima facie case of direct copyright infringement, Plaintiff must satisfy two requirements: (1) it must show ownership of the allegedly infringed material, and (2) it must demonstrate that Defendants committed an act of 'copying' this material." *Giganews*, 2013 U.S. Dist. LEXIS 71349 at *13. "The word 'copying' is shorthand for the infringing of any of the copyright owner's five exclusive rights' under 17 U.S.C. § 106": "the right to reproduce, distribute, publicly display, perform, or create derivative works of the copyrighted work." *Id*. at *14.

In order to allege an "act of 'copying,'" a plaintiff must allege facts sufficient to show "*some* element of volition or causation which is lacking where a defendant's system is merely used to create a copy by a third party." *Id*. at *15–16 (italics added) (quoting *Religious Tech. Ctr. v. Netcom On-Line Commun. Servs.*, 907 F. Supp. 1361, 1369 (N.D. Cal. 1995) (analogizing the "owner of a copying machine who lets the public make copies with it," explaining that "[a]lthough some of the people using the machine may directly infringe copyrights, courts analyze the machine owner's liability under the rubric of contributory infringement, not direct infringement")). District courts in California have described the volitional conduct "element of direct liability as requiring that plaintiffs show that the defendant[] must 'actively engage' in or 'directly cause' the infringing activity in order to be held liable for direct infringement." *Giganews, Inc.*, 2013 U.S. Dist. LEXIS 71349, *18; s*ee also Perfect 10, Inc. v. Cybernet Ventures, Inc.*, 213 F. Supp. 2d 1146, 1168 (C.D. Cal. 2002); *Sega Enterprises, Ltd. v. MAPHIA*, 948 F. Supp. 923, 931 (N.D. Cal. 1996).[2]  Plaintiff's

---

[2] "Although the Ninth Circuit has not spoken on the issue, the Netcom principle that 'volitional' conduct is required for direct liability has been widely adopted, including by the Second and Fourth Circuits." *Giganews, Inc.*, 2013 U.S. Dist. LEXIS 71349 at *16–17 (citing *Cartoon Network LP, LLLP v. CSC Holdings, Inc.*, 536 F.3d 121, 131 (2nd Cir. 2008); *CoStar Group, Inc. v. LoopNet, Inc.*, 373 F.3d 544, 551 (4th Cir. 2004).)  And, as the district court in *Giganews* recently explained, there is no cause to "interpret the Ninth Circuit's silence on the so-called
[Footnote continued on next page]

Complaint fails to allege facts indicating any "volitional conduct" on the part of LiveJournal sufficient to state a cause of action for direct liability.

As noted above, the Complaint, on its face, concedes that "Defendants' *users*"—and not Live Journal—are responsible for "upload[ing] the images and other content" found on ONTD!. Cmplt., ¶8 (italics added). With respect to Live Journal, the Complaint alleges only that it "owns and operates" ONTD! (Cmplt., ¶ 7), and that "traffic" to ONTD! purportedly "translates to significant advertising revenue" for it and/or other Defendants. See Cmplt., ¶ 8. Yet the allegations that Live Journal "owns and operates" ONTD! and "make[s] money based upon an ad revenue business model" (Cmplt., ¶¶ 7–8) fall far short of showing that LiveJournal "active[ly] engag[ed] in" or "directly caus[ed]" any infringing activity, and are plainly insufficient to withstand a motion to dismiss. *Giganews*, *Inc.*, 2013 U.S. Dist. LEXIS 71349, *18, (dismissing claim for direct infringement where plaintiff did not allege that defendants "were the direct cause of, or actively engaged in, direct infringement," but rather alleged that defendants "simply programmed their servers to automatically copy, distribute, and display content, including infringing content, uploaded by [its] users").

Here, the Complaint alleges nothing to suggest that LiveJournal engaged in any act other than "designing or implementing a system" that permits third party users to upload data to the internet "whether that data contains infringing content or not," and "[s]uch conduct," as a matter of law, "does not constitute any volitional act." *Id*. at *21–22 (citing *Netcom*, 907 F.Supp. at 1369). Because "Plaintiff has not alleged that Defendant[] actively engage[d] in or directly cause[d] the infringement allegedly committed by [its] users," Plaintiff's attempt to allege a claim of direct copyright infringement against LiveJournal fails. *Giganews*, 2013 U.S. Dist. LEXIS 71349 at *26.

---

[Footnote continued from previous page]
  'volitional conduct requirement' as disapproval." *Giganews*, *Inc.*, 2013 U.S. Dist. LEXIS 71349 at *19–20.

## C. Plaintiff's Attempt To Plead Secondary Liability Fails As A Matter Of Law

In addition to the Complaint's failed attempt to state a cause of action for direct copyright infringement against LiveJournal, the Complaint also purports to allege that "Defendants" are liable for alleged infringement of its copyrights committed by third party users of LiveJournal under either a vicarious or contributory theory of copyright liability. See Cmplt., ¶ 14.[3] "Vicarious infringement occurs when one profits from direct infringement while declining to exercise a right to stop or limit it, and contributory infringement liability requires 'inducing or encouraging' direct infringement." *Luvdarts*, 710 F.3d at 1071. As set forth in detail below, the allegations of the Complaint are woefully insufficient to state a plausible claim against LiveJournal under either theory. *Id*.

### 1. Plaintiff Has Not—And Cannot—Allege Facts Sufficient To State A Claim For Contributory Infringement Or Inducement

To state a claim for contributory copyright infringement a complaint must allege facts sufficient to show that the defendant "(1) knew of the direct infringement; and (2) [] either induced,[4] caused, or materially contributed to the infringing conduct." *Luvdarts*, 710 F.3d at 1072. Failure to sufficiently allege either prong requires dismissal. *Id*. (affirming dismissal of claim for contributory infringement where plaintiff "failed to allege adequately that the [defendants] had the necessary specific knowledge of infringement"); *see also Perfect 10*, 494 F.3d at 795.) Here, Plaintiff's Complaint adequately alleges neither prong.

---

[3] As the Supreme Court has observed, "the Copyright Act does not explicitly render a third person liable for another person's infringement," and, thus, these doctrines are rooted in "common law principles." *Luvdarts*, 710 F.3d at 1071 (citing *Sony Corp. of Am. v. Universal City Studios*, 464 U.S. 417, 434, 104 S. Ct. 774, 78 L. Ed. 2d 574 (1984) and *Metro-Goldwyn-Mayer Studios Inc. v. Grokster, Ltd.*, 545 U.S. 913, 930, 125 S. Ct. 2764, 162 L. Ed. 2d 781 (2005)).

[4] While Plaintiff's Complaint appears to allege "inducement," in the alternative, as a separate, independent claim against Defendant, inducement is merely an element of a claim for contributory infringement. *Luvdarts*, 710 F.3d at 1072; *see also Perfect 10, Inc. v. Visa Int'l Serv. Ass'n*, 494 F.3d 788, 795 (9th Cir. 2007).

First, as the Ninth Circuit recently explained, "the first prong"—knowledge of direct infringement—"requires more than a generalized knowledge" of "the possibility of infringement"; it requires "*actual* knowledge" of the "*specific* acts" of direct infringement alleged by Plaintiff. *Luvdarts*, 710 F.3d at 1072 (italics added, internal citations omitted); *see also id*. at 1072–1073 (concluding that written "notices" sent to defendants—which consisted of "150-page-long lists of titles" that were "apparently just a transcription of every title copyrighted by [plaintiff]"—were insufficient to show knowledge because they failed to "notify [defendants] of any meaningful fact," including "which of these titles were infringed, who infringed them, or when the infringement occurred"). And "conclusory allegations" that a defendant had the "requisite specific knowledge" of direct infringement are "plainly insufficient" to survive a motion to dismiss. *Id*. at 1072.

Here the Complaint makes no attempt to plead, for example, that Plaintiff notified Defendant that its copyrighted Photos had been posted to ONTD!. Indeed, it makes no attempt, whatsoever to plead *any* fact that would show that Defendant had the "requisite specific knowledge" of direct infringement of Plaintiff's copyrights (prior to Plaintiff's filing of the Complaint) that would support a finding of contributory liability. *See id*. Plaintiff's purported claim for contributory infringement fails as a matter of law on that basis alone.

Second, the Complaint fails to allege facts—as opposed to bare conclusions—sufficient to show that Defendant "induced, caused, or materially contributed to the infringing conduct" alleged. *See Innospan Corp*. *v*. *Intuit*, *Inc*., 2011 U.S. Dist. LEXIS 29122, *26–27 (N.D. Cal. Mar. 8, 2011) (dismissing claim for contributory infringement where "plaintiff merely assert[ed] legal conclusions" such as "[defendant] 'intentionally induced and/or encouraged [a third party] to directly infringe" and offered "no support whatsoever" for its allegations). The Supreme Court has made clear that the imposition of secondary liability for inducing or materially contributing to copyright infringement requires a showing of "culpable intent"—an

1  "unlawful objective"—on the part of the defendant.  *See MGM Studios Inc. v.*
2  *Grokster, Ltd.*, 545 U.S. 913, 934–40, 125 S. Ct. 2764; 162 L. Ed. 2d 781 (2005).  As a
3  matter of law, such culpable intent cannot be imputed merely from "the characteristics
4  or uses" of a product or service distributed by a defendant, or the defendant's "mere
5  knowledge" that the product or service at issue has "potential" or "actual infringing
6  uses."  *Id*. at 934, 937 (citing *Sony Corp. v. Universal City Studios*, 464 U.S. 417, 439,
7  78 L. Ed. 2d 574, 104 S. Ct. 774 (1984)).  Rather, one "infringes contributorily by
8  intentionally inducing or encouraging direct infringement. . . ."  *Grokster*, 545 U.S. at
9  930 (italics added).  And, thus, the "inducement rule" for contributory infringement
10 "premises liability on purposeful, culpable expression and conduct" that evidences a
11 "specific intent to foster infringement."  *Perfect 10*, 494 F.3d at 801 (quoting *Grokster*,
12 545 U.S. at 937).

13       Here, Plaintiff does not—and cannot—allege facts sufficient to establish any
14 culpable intent on the part of Defendant.  The Complaint does not, for example, allege
15 that LiveJournal was "engineered, disseminated, and promoted explicitly for the
16 purpose of facilitating" infringement of Plaintiffs' copyrights "and reducing the
17 legitimate sales of [Plaintiffs' Photos] to that extent."  *Perfect 10*, 494 F.3d at 801
18 (italics added).  Nor could it.  LiveJournal is a global social media platform with
19 millions of personal journals and communities generated by users worldwide for a vast
20 array of purposes.  (Townsend Decl., Exs. A–B).  Live Journal was designed to—and,
21 in fact, does—foster diverse types of personal expression and social interaction on the
22 web.

23       The sole apparent basis for Plaintiff's attempt to claim contributory infringement
24 appears to be its allegation that "Defendants' employees" purportedly "establish[ed]"
25 and "continual[ly]" "manage" ONTD!'s "rules," which—according to the
26 Complaint—"expressly request, encourage and foster infringement by, among other
27 things, specifically asking people to upload third party copyrighted celebrity-based
28 content and third-party copyrighted celebrity photographs." (Cmplt., ¶ 18.)  ONTD!'s

"rules, however, do nothing of the sort. (*See* Townsend Decl., Ex. E.)[5]  And, thus, even assuming that this allegation can be read to refer to "employees" of Live Journal—which, for the reasons discussed above, is both unclear and implausible—the "rules" Plaintiff points to fall far short of being a "clear expression" or "affirmative act[]" demonstrating "any specific intent to foster infringement." *Perfect 10*, 494 F.3d at 801.  Because the Complaint does not—and cannot—allege that Defendant "created or promoted" LiveJournal "as a means to break laws" it fails to state a claim for contributory copyright infringement against Defendant.  *Id*.

### 2. Plaintiff Has Not—And Cannot—Allege Facts Sufficient To State A Claim For Vicarious Infringement

"Vicarious copyright liability is an 'outgrowth' of *respondeat superior*." *Luvdarts*, 710 F.3d at 1071.  Thus, to adequately plead a claim for vicarious copyright infringement, a complaint must allege facts sufficient to show that the defendant had "both the (1) 'right and ability to supervise the infringing activity' and (2) 'a direct financial interest' in the activity." *Id*.  As with contributory infringement, the failure to adequately allege either prong requires dismissal. *Id*. at 1072 (affirming dismissal of claim for vicarious infringement where plaintiff "failed to allege adequately that the [defendants] had the necessary right and ability to supervise the infringing conduct").  And, as with contributory infringement, Plaintiff's Complaint satisfies neither prong.

---

[5] As set forth in Defendant's concurrently filed RJN, because Plaintiff's Complaint alleges and relies upon the contents of ONTD!'s "rules" in an effort to state a claim (*see* Cmplt., ¶ 18), and because "no party questions" their "authenticity," those "rules" may be considered in ruling on this Motion. *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994), *overruled in part on other grounds in Galbraith v. County of Santa Clara*, 307 F.3d 1119, 1121 (9th Cir. 2002); *see also Marder v. Lopez*, 450 F.3d 445, 448 (9th Cir. 2006) (citation omitted) (considering a release agreement that was referenced in plaintiff's complaint in dismissing her claims pursuant to Rule 12(b)(6)); *Innospan*, 2011 U.S. Dist. LEXIS 29122 at *6–7 ("A court may take judicial notice of documents 'whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the [plaintiff's] pleading.'"). A true and correct copy of the "rules" is attached as Exhibit E to the concurrently filed Townsend Declaration.

First, the Complaint contains no allegation, whatsoever, that Defendant has the present "right and ability"[6] to supervise the use of LiveJournal for copyright infringement.[7]  For that reason, alone, Plaintiff's purported claim for vicarious infringement fails.  *Id*.

Second, the Complaint fails to allege facts sufficient to show that Defendant has "'an obvious and direct financial interest in the exploitation" of Plaintiffs' copyrighted Photos.  *Parker v. Google*, *Inc*., 422 F. Supp. 2d 492, 499–500 (E.D. Pa. 2006) (internal citations omitted).  The Complaint speculates that "massive traffic" to ONTD! is "in part due to the presence of" copyrighted "celebrity images" and, thus, that the purported infringement alleged by Plaintiff must "translate[] to significant advertising revenue" for Defendant because "content websites may effectively monetize the content on their website by securing eyeballs on the sites which translates to ad revenue."  Cmplt., ¶ 8.  Even assuming, *arguendo*, that purely speculative allegations are sufficient to state a claim for infringement, which they are not,[8] conclusory allegations that a defendant "derived substantial financial benefit" from alleged

---

[6] As the Ninth Circuit recently explained, "'right and ability to supervise' should be evaluated in the context of a system's '*current* architecture.'"  *Luvdarts*, 710 F.3d at 1071 (citation omitted, italics added).  And, "[e]ven if the doctrine of vicarious liability imposed some affirmative duty to acquire supervisory capacity"—which it does not—in order to survive a motion to dismiss, Plaintiff would be required "to allege facts that plausibly show that [Defendant] could implement an effective system," and "could plausibly" do so "at a low-enough cost to justify imposition of vicarious liability."  *Id*. at 1072.

[7] Indeed, notably, the Complaint alleges *only* that "Defendants' employees"—which may or may not be an allegation referring to employees of Live Journal, Inc.—purportedly "establish[ed]" and "continu[e]" to "moderat[e]" or "manage" ONTD!'s "*rules*"—terms of use for that particular LiveJournal community.  See Cmplt., ¶ 18 (italics added); see also Townsend Decl., Ex. E.

[8] *See New Name*, *Inc*. *v*. *Walt Disney Co*., 2007 U.S. Dist. LEXIS 97855, *2–3 (C.D. Cal. Dec. 3, 2007) (dismissing copyright infringement claim where the plaintiff's allegations that allegedly infringing conduct occurred in the United States were based on speculation that infringing acts must have occurred in the United States since the defendants were headquartered in California).

13

infringing conduct "in the form of advertising revenue" is insufficient to support a claim for vicarious infringement.

In *Parker*, for example, the district court granted a motion to dismiss a plaintiff's claim for vicarious copyright infringement where the plaintiff alleged that the defendant's "advertising revenue [was] directly related to the number of [its] users and that the number of [its] users '[was] dependent directly on [defendant's] facilitation of and participation in the alleged infringement.'" *Id*. at 500.  The district court concluded that this "vague and conclusory statement" failed to "allege any actual relationship between infringing activity and the number of users and thus [did] not allege obvious and direct financial interest sufficient to maintain [a] claim of vicarious infringement." *Id*.  Plaintiff's similarly conclusory assertion that alleged infringement of its copyrighted Photos "translates to significant advertising revenue" for Defendant is likewise insufficient to plead the existence of an "obvious and direct" financial benefit.  For this separate and independent reason, Plaintiff's attempt to state a claim for vicarious copyright infringement fails.

## V.  CONCLUSION

Because Plaintiff's Complaint fails to allege facts sufficient to state any cause of action against LiveJournal, Inc., Defendant respectfully requests that the Court dismiss this action with prejudice.

DATED:  June 14, 2013

GIBSON, DUNN & CRUTCHER LLP

By:  \_\_\_\_\_/s/_____
                Wayne Barsky

Attorneys for Defendant,
LiveJournal, Inc.

101530614.2

14
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT LIVEJOURNAL INC.'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT

Gibson, Dunn & Crutcher LLP