GIBSON, DUNN & CRUTCHER LLP
Wayne Barsky, SBN 116732
wbarsky@gibsondunn.com
Katie Townsend, SBN 254321
ktownsend@gibsondunn.com
2029 Century Park East
Los Angeles, California 90067-3026
Telephone: (310) 552-8500
Facsimile: (310) 551-8741

Attorneys for Defendant,
LiveJournal, Inc

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| **MAVRIX PHOTOGRAPHS LLC**, | CASE NO. 13-CV-00517-CJC (JPR) |
| Plaintiff, | **REPLY IN SUPPORT OF DEFENDANT LIVEJOURNAL INC.'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT** |
| v. | |
| **LIVEJOURNAL, INC.; and DOES 1 through 10, inclusive**, | Date:    August 5, 2013 |
| Defendants. | Time:    1:30 p.m. |
| | Place:   Courtroom 9B |
| | Judge:   Hon. Cormac J. Carney |

# TABLE OF CONTENTS

Page

I. INTRODUCTION ................................................................................................ 1

II. ARGUMENT ........................................................................................................ 2

    A. Plaintiff's Reliance On Purported "Facts" Found Nowhere In Its Complaint Underscores The Insufficiency Of Its Allegations ................................................................................................ 2

    B. The Complaint Does Not Allege Facts Sufficient To Show Volitional Conduct On The Part Of LiveJournal, A Necessary Element Of A Direct Infringement Claim ..................................................... 4

    C. The Complaint Does Not Allege Facts Sufficient To State A Claim For Either Contributory Or Vicarious Infringement ...................... 6

        1. Plaintiff's Contributory Infringement Claim Fails .......................... 7

        2. Plaintiff's Vicarious Infringement Claim Must Be Dismissed ........................................................................................ 9

III. CONCLUSION .................................................................................................. 10

# TABLE OF AUTHORITIES

Page(s)

## Cases

*A&M Records v. Napster, Inc.*,
 239 F.3d 1004 (9th Cir. 2001) ..................................................................................7

*Arista Records LLC v. Myxer Inc.*,
 2011 U.S. Dist. LEXIS 109668 (C.D. Cal. Apr. 1, 2011) ...................................5

*Ashcroft v. Iqbal*,
 556 U.S. 662; 129 S. Ct. 1937; 173 L. Ed. 2d 868 (2009) ...............................1, 2

*Bell Atl. Corp. v. Twombly*,
 550 U.S. 544; 127 S. Ct. 1955; 167 L. Ed. 2d 929 (2007) ...................................1

*Cartoon Network LP, LLLP v. CSC Holdings, Inc.*,
 536 F.3d 121 (2d Cir. 2008) ...............................................................................4

*CoStar Group, Inc. v. LoopNet, Inc.*,
 373 F.3d 544 (4th Cir. 2004) ..............................................................................4

*Fonovisa, Inc. v. Cherry Auction, Inc.*,
 76 F.3d 259 (9th Cir. 1996) ........................................................................2, 8, 9

*Luvdarts, LLC v. AT&T Mobility, LLC*,
 710 F.3d 1068 (9th Cir. 2013) .....................................................................2, 7, 8

*Marvullo v. Gruner & Jahr*,
 105 F. Supp. 2d 225 (S.D.N.Y. 2000) ...............................................................2

*MGM Studios Inc. v. Grokster, Ltd.*,
 545 U.S. 913, 125 S. Ct. 2764; 162 L. Ed. 2d 781 (2005) ..................................9

*Parker v. Google, Inc.*,
 422 F. Supp. 2d 492 (E.D. Pa. 2006) ..................................................................9

*Perfect 10, Inc. v. Cybernet Ventures, Inc.*,
 213 F. Supp. 2d 1146 (C.D. Cal. 2002) ..............................................................4

*Perfect 10, Inc. v. Giganews, Inc.*,
 2013 U.S. Dist. LEXIS 71349 (C.D. Cal. Mar. 8, 2013) ............................4, 5, 6

*Universal Surface Tech., Inc. v. Sae-A Trading Am. Corp.*,
 2011 U.S. Dist. LEXIS 10127 (C.D. Cal. Jan. 26, 2011) ...................................3

*Warner Bros. Entm't, Inc. v. WTV Sys.*,
 824 F.Supp.2d 1003 (C.D. Cal. 2011) ................................................................5

**Statutes**

Fed. R. Civ. Proc. 15(a)(1)(B) ................................................................................... 3

Gibson, Dunn & Crutcher LLP

REPLY IN SUPPORT OF DEFENDANT LIVEJOURNAL INC.'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT

## I. INTRODUCTION

Plaintiff's Opposition leaves little doubt that Defendant LiveJournal, Inc.'s Motion to Dismiss should—indeed must—be granted.  Essentially conceding that the allegations set forth in its Complaint are insufficient to survive that Motion, Plaintiff fills its Opposition with unfounded accusations and purported "undisputed facts" that are found *nowhere* in its pleading and are irrelevant to this Court's task of determining the sufficiency of the Complaint.  Rhetoric aside, Plaintiff's Opposition only highlights the defects that doom its claims to dismissal.  And if it is Plaintiff's position that it can ultimately overcome those defects by pleading supposed "facts" based on the contents of an internet article, then it should do so.  Plaintiff's overblown attacks on LiveJournal and its "entire business model" do not save its deficient Complaint.

This case involves the alleged infringement of Plaintiff's copyrights in twenty photographs that, according to the Complaint, were included in three posts in the LiveJournal community *Oh No They Didn't!* ("ONTD!") between July 19, 2010 and November 15, 2011.  *See* Compl., ¶ 9 and Exs. 1–3.  Plaintiff's Complaint purports to allege, in the alternative, claims of direct, contributory, "and/or" vicarious infringement of those copyrights against LiveJournal, Inc. and/or ten unidentified "Doe" defendants.  As set forth in LiveJournal's Motion and herein, the Complaint— which does not distinguish between allegations directed at LiveJournal and those directed at third-parties, and does not even bother to plead each requisite element of the various claims of infringement it purports to assert against LiveJournal— fails to satisfy the minimum pleading standards announced by the United States Supreme Court in *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554–56; 127 S. Ct. 1955; 167 L. Ed. 2d 929 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662, 678; 129 S. Ct. 1937; 173 L. Ed. 2d 868 (2009), and fails to allege "sufficient factual matter" that if "accepted as true" would state a claim to relief.

To survive a motion to dismiss, Plaintiff's Complaint must, at a minimum, allege facts sufficient to establish each element of the claims it purports to assert

1

against LiveJournal. With respect to direct infringement, those elements include volitional conduct. Plaintiff's contention that it need not plead volitional, allegedly infringing acts on the part of LiveJournal in order to state a claim for direct infringement should be rejected. As to its secondary liability theories, Plaintiff offers a circuitous discussion of the Ninth Circuit's opinions in *Fonovisa, Inc. v. Cherry Auction, Inc.*, 76 F.3d 259 (9th Cir. 1996) and *Luvdarts, LLC v. AT&T Mobility, LLC*, 710 F.3d 1068 (9th Cir. 2013), and argues—on the basis of speculative and unfounded assertions not found in its Complaint—that its pleading must be sufficient because, in its words, LiveJournal "is the online equivalent of the owner of the swap meet in *Fonovisa*." Opp. at p. 10. Yet even assuming that Plaintiff's misguided interpretation of the case law, including its singular reliance on *Fonovisa*, is correct—which it is not—Plaintiff's *arguments* are no substitute for *allegations*, and do not overcome the fundamental flaws that are fatal to Plaintiff's secondary liability claims.

## II. ARGUMENT

### A. Plaintiff's Reliance On Purported "Facts" Found Nowhere In Its Complaint Underscores The Insufficiency Of Its Allegations

As discussed in detail in LiveJournal's Motion, Plaintiff is required to plead the facts that it claims are the basis for subjecting LiveJournal to liability for copyright infringement. *See Iqbal*, 556 U.S. at 678 (a complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face; *see also Marvullo v. Gruner & Jahr*, 105 F. Supp. 2d 225, 230 (S.D.N.Y. 2000) (plaintiff is required to "plead with specificity the acts by which a defendant has committed copyright infringement").[1] Plaintiff's Complaint falls far short of meeting this basic requirement. Not only does Plaintiff fail to plead all of the requisite elements of the various infringement claims it purports to assert against LiveJournal, the Complaint

---

[1] Plaintiff's Opposition is devoid of any discussion of the standards announced in *Iqbal* and *Twombly*, and ignores the cases cited in LiveJournal's Motion that apply Rule 8's pleading requirements to copyright infringement claims. *See* Mtn. at 3–6.

also fails to differentiate between LiveJournal and third-parties—a fatal ambiguity where, as here, Plaintiff is attempting to assert claims of direct "and/or" secondary liability for copyright infringement.

Rather than attempt to cure the Complaint's obvious defects,[2] Plaintiff chose instead to file an Opposition that spends *pages* discussing what it calls "undisputed facts" not found *anywhere* in Plaintiff's pleading. *See* Opp. at 1–4 (discussing the contents of an article submitted as an exhibit with Plaintiff's Opposition, and making, among others, the false claim that "users are not permitted merely to discuss celebrity events on ONTD!"). "A Rule 12(b)(6) motion," however, "tests the legal sufficiency of the claims asserted in a complaint." *Universal Surface Tech., Inc. v. Sae-A Trading Am. Corp.*, 2011 U.S. Dist. LEXIS 10127 (C.D. Cal. Jan. 26, 2011). "Facts" outside the scope of the Complaint are irrelevant to the determination of LiveJournal's Motion.

Moreover, when Plaintiff's Opposition purports to turn—finally—to the allegations of its Complaint, it focuses on one paragraph: Paragraph 18. *See* Opp. at 4; *see also id.* at 1 (asserting that Paragraph 18 alleges that "LiveJournal has built a business around encouraging mass infringement by users, and through the LiveJournal employee who runs the site, it directly orchestrates all that goes on"); *id.* at 2 (asserting that Paragraph 18 alleges that ONTD! "is actually run by a LiveJournal employee"). Plaintiff's singular reliance on Paragraph 18, however, is wholly misplaced. Contrary to Plaintiff's arguments, that lone paragraph does not allege sufficient factual matter to state a claim of direct, contributory or vicarious copyright infringement against LiveJournal—let alone all three. Indeed, that paragraph does not even allege what Plaintiff's Opposition claims it does. Paragraph 18, which is directly addressed in LiveJournal's Motion, alleges only that "Defendants' employees" purportedly "establish[ed]" and "continu[e]" to "moderat[e]" or "manage" ONTD!'s "*rules*"—i.e.

---

[2] Plaintiff could have filed an amended pleading in response to Defendant's Motion. *See* Fed. R. Civ. Proc. 15(a)(1)(B) (a "party may amend its pleading once as a matter of course within . . . 21 days after service of a motion under" Rule 12b).

its terms of use.  *See* Cmplt., ¶ 18 (italics added).³  Paragraph 18 does not satisfy Plaintiff's pleading requirements.  Nor—as set forth in more detail below—does it or any other paragraph in the Complaint contain facts sufficient to state a claim for direct, contributory, or vicarious copyright infringement.

**B.    The Complaint Does Not Allege Facts Sufficient To Show Volitional Conduct On The Part Of LiveJournal, A Necessary Element Of A Direct Infringement Claim**

In an effort to avoid dismissal of its claim of direct copyright infringement, Plaintiff first argues that it is not required to allege facts sufficient to satisfy the volitional element of that claim.  Opp. at pp. 5–6.  Plaintiff is wrong.  As set forth in detail in LiveJournal's Motion, the "principle that 'volitional' conduct is required for direct liability has been widely adopted, including by the Second and Fourth Circuits." *Giganews*, *Inc.*, 2013 U.S. Dist. LEXIS 71349 at *16–17 (citing *Cartoon Network LP*, *LLLP v. CSC Holdings*, *Inc.*, 536 F.3d 121, 131 (2d Cir. 2008); *CoStar Group*, *Inc. v. LoopNet*, *Inc.*, 373 F.3d 544, 551 (4th Cir. 2004).)  District courts within the Central District have applied that principle (*see*, *e.g.*, *Perfect 10*, *Inc. v. Cybernet Ventures*, *Inc.*, 213 F. Supp. 2d 1146, 1167–1169 (C.D. Cal. 2002)), including, in a recent decision cited in LiveJournal's Motion, where (as here) the issue before the Court was the sufficiency of a plaintiff's allegations of direct infringement on a motion to dismiss brought by an internet service provider.  *See Perfect 10, Inc. v. Giganews*, *Inc.*, 2013 U.S. Dist. LEXIS 71349, *21–23 (C.D. Cal. Mar. 8, 2013).

Yet, "[n]otwithstanding the wide adoption" of the volitional conduct requirement (*id.* at *18), Plaintiff asserts that its "viability" is "an open question," and cites, in support of that proposition, the same two district court opinions discussed in detail in *Giganews*.  *See id.* at *19–24; *see also* Opp. at p. 6.  In both of those cases, the

---

³ Nor do those "rules" say what the Complaint claims they do.  The "rules" do not, as Plaintiff contends, "expressly request" that LiveJournal users engage in copyright infringement.  (Townsend Decl., Ex. E.)

4

1  district court declined "to adopt a volitional conduct requirement" in the absence of
2  "clear instruction from the Ninth Circuit." *Arista Records LLC v. Myxer Inc.*, 2011
3  U.S. Dist. LEXIS 109668 at *48–49 (C.D. Cal. Apr. 1, 2011) (Feess, J.); *Warner Bros.*
4  *Entm't, Inc. v. WTV Sy*s., 824 F.Supp.2d 1003, 1011 n.7 (C.D. Cal. 2011) (Walter, J.)
5  (agreeing with Judge Feess's assessment in a footnote).  As explained in Judge Matz's
6  well-reasoned opinion in *Giganews*, however, the fact that the Ninth Circuit has yet to
7  adopt this principle should not be interpreted as "disapproval." *Giganews*, *Inc.*, 2013
8  U.S. Dist. LEXIS 71349 at *19.  Among other things, in "other Ninth Circuit copyright
9  infringement decisions involving the Internet, either there was no question in those
10 cases that the defendant had committed a volitional act or the plaintiffs were not
11 pursuing direct infringement claims." *Id*. (citations omitted).  Plaintiff's contention
12 that it need not plead facts sufficient to establish the volitional conduct element of a
13 claim of direct infringement should be rejected.
14        Plaintiff's secondary argument—that its Complaint, in any event, "satisfies even
15 Judge Matz's view that some volition is required for direct infringement"—fails on its
16 face. Opp. at p. 6.  Plaintiff simply ignores the allegations (or lack thereof) in its
17 Complaint. *See id*.  Indeed, Plaintiff does not cite to *a single allegation* that supports
18 its argument that the Complaint adequately alleges volitional conduct on the part of
19 LiveJournal. *Id*.  Nor could it; there are no such allegations.
20        Contrary to Plaintiff's mischaracterization of the district court's opinion in
21 *Giganews* (*see* Opp. at pp. 5–6), that decision underscores the Complaint's complete
22 failure to adequately plead facts sufficient to establish volitional conduct on the part of
23 LiveJournal.  In *Giganews*, the district court granted a motion to dismiss a claim of
24 direct liability against defendants who "own[ed] and operate[d] websites" providing
25 access to USENET—"a global system of online bulletin boards that allow users to post
26 materials related to a particular topic"—for a monthly fee. *Giganews*, *Inc.*, 2013 U.S.
27 Dist. LEXIS 71349 at *18.  The district court concluded that the plaintiff had failed to
28 allege facts sufficient to show that the defendants "were the direct cause of, or actively

engaged in, direct infringement" that allegedly took place on those bulletin boards. *Id*. at *22. In so doing, the district court rejected the plaintiff's contention that an allegation regarding the defendants' alleged "knowledge of [] pirated content on its servers" was an adequate substitute for allegations of volitional conduct, reasoning that "[a] participant in the chain of events that ultimately allows viewers to obtain [infringing] material does not become the 'direct cause' of the copying merely because he learns of it." *Id*. "Nor [wa]s it enough," the district court found, that plaintiff's complaint alleged that the defendants exercised "control" over "which materials are distributed to and copied from other third party servers," noting that "[a]ll owners of internet servers presumably can determine the content on their servers," and to "hold that such control gives rise to a direct infringement claim would create 'unreasonable liability.'" *Id*. at *22–23 (citation omitted). The district court made clear that these allegations—which, unlike the allegations in Plaintiff's Complaint, at least *attempt* to plead volitional conduct on the part of the defendants—could not "salvage" the plaintiff's direct infringement claim. *Id*.

In sum, the Complaint, on its face, fails to allege facts that—if proven—would show that LiveJournal "actively engage[d] in or directly cause[d] the infringement allegedly committed by [its] users." *Giganews*, 2013 U.S. Dist. LEXIS 71349 at *26. For that simple reason, Plaintiff's claim of direct infringement must be dismissed.

**C.   The Complaint Does Not Allege Facts Sufficient To State A Claim For Either Contributory Or Vicarious Infringement**

Similarly, while Plaintiff spends approximately half of its Opposition arguing that it has "pled secondary liability," it—once again—does not cite to *a single allegation* in the Complaint in support of that argument. *See* Opp. at pp. 6–11. Not surprising, since—as set forth in detail in LiveJournal's Motion—Plaintiff's allegations fall far short of pleading facts sufficient to state a claim for either contributory or vicarious infringement. Moreover, Plaintiff *cannot* plead facts to show that LiveJournal had the requisite actual and specific knowledge of any alleged

infringement of Plaintiff's copyrights necessary to plead a claim for contributory infringement. Nor can Plaintiff establish that LiveJournal has a direct financial interest in the infringement of Plaintiff's copyrights sufficient to state a claim for vicarious infringement. As set forth below, Plaintiff's Complaint simply does not plead facts sufficient to state a claim of secondary liability for copyright infringement against LiveJournal and, accordingly, dismissal of those claims is warranted.

1. **Plaintiff's Contributory Infringement Claim Fails**

Plaintiff's contention that it is not "necessary that Mavrix allege LiveJournal's actual knowledge of any specific act of infringement" in order to state a claim of contributory infringement is flatly incorrect. Opp. at 11. The Ninth Circuit has *expressly* concluded that knowledge for purposes of contributory liability means "actual knowledge" of "specific acts" of direct infringement. *Luvdarts*, 710 F.3d at 1072; *see also A&M Records v. Napster, Inc.*, 239 F.3d 1004, 1021 (9th Cir. 2001) ("in an online context, evidence of actual knowledge of specific acts of infringement is required to hold a computer system operator liable for contributory copyright infringement").[4] And Plaintiff's effort to eschew the Ninth Circuit's recent decision in *Luvdarts*—which Plaintiff describes as "a logical extension of the secondary liability principles discussed in *Fonovisa* to new technologies" (Opp. at 9)—while, *at the same time*, contending that *Fonovisa*, a case involving a swap meet, is "controlling" (*id*. at 6)—is unavailing. *Fonovisa* was decided more than a decade *before* the United States Supreme Court's decisions in *Iqbal* and *Twombley*. The Ninth Circuit in *Luvdarts*—following those decisions—granted a motion to dismiss on the basis of, *inter alia*, the plaintiff's failure to plead facts sufficient to state a claim for contributory infringement.

---

[4] The Ninth Circuit in *Luvdarts* dismissed a claim of contributory liability where—as here—the complaint failed to allege facts sufficient to show "actual knowledge of infringement." *Luvdarts*, 710 F.3d at pp. 1072–73. The Court found, *inter alia*, that "vague" notices of alleged infringement sent to defendants—which did "not identify which of [plaintiff's] titles were infringed, who infringed them, or when the infringement occurred"—were "indistinguishable from a generalized notification that infringement is occurring" and, thus, were insufficient. *Id*.

*See Luvdarts*, 710 F.3d at 1072 (citing *Iqbal*, 556 U.S. at 678.) *Luvdarts*' "application to this case" is clear. *See* Opp. at 10.

Moreover, Plaintiff's reliance on *Fonovisa* is a red herring. The complaint deemed sufficient in that case alleged facts showing that the defendants had *actual* knowledge of *specific* acts of widespread infringement *of the copyrights that were at issue in that case*. *Fonovisa*, 76 F.3d at 261. Among other things, the complaint at issue in *Fonovisa* "alleged that in 1991, the Fresno County Sheriff's Department raided the Cherry Auction swap meet and seized more than 38,000 counterfeit recordings" being sold "in violation of [the plaintiff's] trademarks and copyrights." *Id.*; *see also* Opp. at 7 (arguing that "[c]ertain vendors at the swap meet routinely sold copyrighted recordings belonging to the plaintiff"). *Fonovisa* does not—as Plaintiff contends—relieve Plaintiff of its obligation to plead (and ultimately prove) that LiveJournal had *actual* knowledge of the direct infringement *at issue here*.[5]

To be clear, this is not a case involving "thousands" of supposedly "infringing acts." Opp. at 1. It involves the alleged infringement of Plaintiff's copyrights in *twenty* photographs that appeared in *three* ONTD! posts between July 19, 2010 and November 15, 2011. *See* Compl., ¶ 9 and Exs. 1–3. The Complaint alleges no facts—whatsoever—to show that LiveJournal had actual knowledge that the posting of these photographs allegedly violated Plaintiff's copyrights; nor can it. Plaintiff's contributory infringement claim should be dismissed on that basis alone.

With respect to the second element of a claim of contributory infringement, Plaintiff's Opposition—ignoring the case law cited in LiveJournal's Motion and relying, again, solely on *Fonovisa*—argues that it has sufficiently alleged that

---

[5] Plaintiff's assertion, in a footnote, that the "knowledge required to establish secondary liability may or may not be different than the level of knowledge necessary to defeat a DMCA safe-harbor affirmative defense" is neither here nor there. Opp. at 11, fn. 2. While it does not appear that Plaintiff provided Defendant with DMCA-compliant notice of any alleged infringement of its copyrights, Defendant has not asserted the DMCA as a basis for its motion to dismiss.

8
REPLY IN SUPPORT OF DEFENDANT LIVEJOURNAL INC.'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT

Gibson, Dunn & Crutcher LLP

LiveJournal "materially contributed" to the infringement of its copyrights in the photographs at issue because it need only show that LiveJournal "provid[ed] the space where the infringing activity could happen." Opp. at 8. That is simply not the law. *See MGM Studios Inc. v. Grokster, Ltd.*, 545 U.S. 913, 934–40, 125 S. Ct. 2764; 162 L. Ed. 2d 781 (2005) (imposition of secondary liability for inducing or materially contributing to copyright infringement requires a showing of "culpable intent"—an "unlawful objective"—on the part of the defendant). And, as set forth in detail in LiveJournal's Motion, where, as here, a complaint fails to allege facts—as opposed to mere conclusions—sufficient to show that a defendant "materially contributed to the infringing conduct" alleged, dismissal is warranted. *See* Mtn. at 10–12.

2. **Plaintiff's Vicarious Infringement Claim Must Be Dismissed**

Plaintiff's purely speculative and conclusory allegations that LiveJournal "derived substantial financial benefit" from alleged infringement of Plaintiff's copyrights "in the form of advertising revenue" are, as set forth in LiveJournal's Motion, insufficient to support a claim for vicarious infringement. *See* Cmplt. at ¶ 8. Indeed, the district court in *Parker v. Google, Inc.*, 422 F. Supp. 2d 492, 499–500 (E.D. Pa. 2006)—a case discussed in LiveJournal's Motion, but not addressed in Plaintiff's Opposition—dismissed a vicarious infringement claim based on similarly "vague and conclusory" statements that alleged infringement had resulted in increased "advertising revenue" for the defendant. Plaintiff's attempt—once again—to analogize its allegations to those of the complaint at issue in *Fonovisa* is unavailing.[6]

In short, the Complaint, on its face, fails to plead *facts* that, if true, would demonstrate that LiveJournal had "an obvious and direct financial interest in the exploitation" of Plaintiffs' Photos. And Plaintiff's Opposition only highlights the

---

[6] The "plaintiff's allegations" in *Fonovisa* "encompass[ed] many substantive benefits to [defendant] from the infringing sales" of the plaintiff's copyrighted recordings, including, *inter alia*, "the payment of a daily rental fee by each of the infringing vendors" who sold counterfeit recordings in violation of the plaintiff's copyrights. *Fonovisa*, 76 F.3d at 263.

unfounded, wholly speculative nature of the Complaint's failed attempt to do so—by contending, for example, that "infringing material appears to be the primary draw to the ONTD! [sic]" and "[i]t must be" because "LiveJournal is dedicated to celebrity news." Opp. at 8. Because Plaintiff has failed to plead facts sufficient to show that LiveJournal obtained an obvious and direct financial benefit from the alleged infringement of Plaintiff's copyrights, its vicarious infringement claim fails.

In any event, even if the Complaint adequately pled an "obvious and direct financial interest"—which it does not—dismissal of Plaintiff's vicarious infringement claim would still be warranted. As set forth in LiveJournal's Motion, the Complaint makes no attempt to plead the other requisite element of a claim for vicarious infringement: that the defendant had both the "right and ability" to supervise infringing activity. *See* Mtn. at 13. Plaintiff's Opposition does not point to any allegation that would demonstrate that the Complaint is sufficient in that respect, and its arguments (based on assertions not found in the Complaint) are irrelevant. *See* Opp. at 7. Dismissal of this claim is thus warranted on that basis alone.

### III.   CONCLUSION

Because Plaintiff's Complaint fails to allege facts sufficient to state a cause of action against it, LiveJournal respectfully requests that the Court grant its Motion to Dismiss.

DATED: July 22, 2013

GIBSON, DUNN & CRUTCHER LLP

By: _____/s/_____
       Wayne Barsky

Attorneys for Defendant,
LiveJournal, Inc.

101550165.3