UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SACV 13-00517-CJC(JPRx)            Date: August 2, 2013

Title: <u>MAVRIX PHOTOGRAPHS LLC V. LIVEJOURNAL, INC.</u>

PRESENT:

**<u>HONORABLE CORMAC J. CARNEY, UNITED STATES DISTRICT JUDGE</u>**

<u>Michelle Urie</u>                         <u>  N/A  </u>
Deputy Clerk                            Court Reporter

ATTORNEYS PRESENT FOR PLAINTIFF:    ATTORNEYS PRESENT FOR DEFENDANT:

None Present                                   None Present

**PROCEEDINGS: (IN CHAMBERS) ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS**

      Having read and considered the papers presented by the parties, the Court finds this matter appropriate for disposition without a hearing. *See* Fed. R. Civ. P. 78; Local Rule 7-15. Accordingly, the hearing set for August 5, 2013 at 1:30 p.m. is hereby vacated and off calendar.

**INTRODUCTION AND BACKGROUND**

      Plaintiff Mavrix Photographs LLC ("Plaintiff") filed this copyright infringement action against Defendant LiveJournal, Inc. ("Defendant" or "LiveJournal") and unspecified Doe defendants on April 1, 2013. (Dkt. No. 1 ["Compl."].) Plaintiff brings a claim for copyright infringement under 17 U.S.C. § 501 alleging that "Defendants have directly, vicariously, contributorily and/or by inducement infringed on [Plaintiff's] copyrights . . ." (Compl. ¶ 14.) Defendant allegedly owns and operates the website www.ohnotheydidnt.LiveJournal.com, also known as "oh no they didn't" or "ONTD," ("the Website"), which concerns "the behavior of celebrities and interest in celebrity culture." (Compl. ¶ 7.) The Website allegedly displays content which has been uploaded by its users. (Compl. ¶ 8). Plaintiff alleges that it owns by way of assignment copyrights to certain photos which have been displayed without permission on the Website. (Compl. ¶¶ 6,9.) These photographs include nine photographs of Katy Perry in the Bahamas, seven photographs of Ms. Perry in a colorful rooftop photoshoot, and four photographs of Beyoncé. (Compl. ¶ 9.)

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. SACV 13-00517-CJC(JPRx)                      Date: August 2, 2013
                                                                                          Page 2

       Presently before the Court is Defendant's motion to dismiss the Complaint for failure to state a claim.  (Dkt. No. 10 ["Def.'s Mot."].)  Defendant argues that the Complaint does not satisfy the pleading requirements of Federal Rule of Civil Procedure 8(a), that the Complaint fails to allege any volitional conduct that would support a finding of direct infringement, and that Plaintiff has not and cannot allege facts sufficient to state a claim for vicarious or contributory infringement or inducement.  For the following reasons, Defendant's motion is **GRANTED IN PART AND DENIED IN PART.**

**DISCUSSION**

       A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the claims asserted in the complaint.  The issue on a motion to dismiss for failure to state a claim is not whether the claimant will ultimately prevail, but whether the claimant is entitled to offer evidence to support the claims asserted.  *Gilligan v. Jamco Dev. Corp.*, 108 F.3d 246, 249 (9th Cir. 1997).  Rule 12(b)(6) is read in conjunction with Rule 8(a), which requires only a short and plain statement of the claim showing that the pleader is entitled to relief.  Fed. R. Civ. P. 8(a)(2).  When evaluating a Rule 12(b)(6) motion, the district court must accept all material allegations in the complaint as true and construe them in the light most favorable to the non-moving party.  *Moyo v. Gomez*, 32 F.3d 1382, 1384 (9th Cir. 1994).  The district court may also consider additional facts in materials that the district court may take judicial notice, *Barron v. Reich*, 13 F.3d 1370, 1377 (9th Cir. 1994), as well as "documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading," *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994), *overruled in part on other grounds by Galbraith v. Cnty. of Santa Clara*, 307 F.3d 1119 (9th Cir. 2002).  However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions."  *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009); *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (stating that while a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, courts "are not bound to accept as true a legal conclusion couched as a factual allegation" (citations and quotes omitted)).  Dismissal of a complaint for failure to state a claim is not proper where a plaintiff has alleged "enough facts to state a claim to relief that is plausible on its face."  *Twombly*, 550 U.S. at 570.  In keeping with this liberal pleading standard, the district court should grant the plaintiff leave to amend if the complaint can possibly be cured by additional factual allegations.  *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SACV 13-00517-CJC(JPRx)            Date: August 2, 2013
           Page 3

### Rule 8(a)

Defendant first argues that the Complaint as a whole fails to meet Rule 8(a)'s pleading standards because it states the allegations in a vague and conclusory manner and fails to distinguish between the actions of Defendant and the Doe defendants. The Court disagrees. The Complaint alleges that Defendant owns and operates the Website and that Defendant "has driven massive traffic to its website in part due to the presence of the sought after and searched-for celebrity images, the copyrights to which are owned by third parties." (Compl. ¶¶ 7–8.) Plaintiff alleges that Defendant's users upload images and other content to the Website, (Compl. ¶ 8), and specifically identifies twenty copyrighted photographs owned by Plaintiff which have been made available on the Website without permission. (Compl. ¶ 9.) Screenshots of those photographs as they appear on the Website are attached as exhibits to the Complaint. (*See* Compl. Exhs. 1–3.) Plaintiff alleges that the infringement has occurred and will continue to occur by "virtue of Defendants' employees' creation of the Website and establishment and continual moderation of the Website's rules that expressly request, encourage and foster infringement by, among other things, specifically asking people to upload third party copyrighted celebrity-based content and third-party copyrighted celebrity photographs from the content owners' websites and other sources around the internet." (Compl. ¶ 18.) Although the Complaint refers to "Defendant," "Live Journal," and "Defendants" somewhat interchangeably, the context of the allegations makes it clear that these allegations refer to LiveJournal, the only named defendant, and not to the unnamed and unknown Doe defendants or unspecified users of the Website. These allegations satisfy Rule 8(a) and are sufficient to put Defendant on notice of the claims against it.

### Direct Infringement

Next, Defendant asserts that Plaintiff has failed to state a claim for direct infringement because the Complaint does not allege volitional conduct. To establish a prima facie case of direct copyright infringement, a plaintiff (1) must show ownership of the allegedly infringed material and (2) must demonstrate that the alleged infringers committed an act of "copying" the material by violating at least one exclusive right granted to copyright holders under 17 U.S.C. § 106. *A&M Records, Inc. v. Napster, Inc.*, 239 F.3d 1004, 1013 (9th Cir. 2001). Those rights include the right to reproduce, distribute, publicly display, perform, or create derivative works of the copyrighted work. 17 U.S.C. § 106. Defendant argues that in order to allege an act of copying under the second prong of this test, Plaintiff must allege "some element of volition or causation

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SACV 13-00517-CJC(JPRx)  Date: August 2, 2013
Page 4

---

which is lacking where a defendant's system is merely used to create a copy by a third party." *Perfect 10, Inc. v. Giganews, Inc.*, No. CV11-07098 AHM (SHx), 2013 U.S. Dist. LEXIS 71349, at *16 (C.D. Cal. Mar. 8, 2013) ("*Giganews*") (quoting *Religious Tech. Ctr. v. Netcom On-Line Commun. Servs.*, 907 F. Supp. 1361, 1370 (N.D. Cal. 1995) ("*Netcom*")). The goal of the volitional conduct component, as explained by the *Giganews* court, "is to identify the actor (or actors) whose conduct has been so significant and important a cause that [he or she] should be legally responsible." *Id.* at *18 (quoting *Cartoon Network LP, LLLP v. CSC Holdings, Inc.*, 536 F.3d 121, 132 (2d Cir. 2008)) (internal quotation marks omitted). The volition element requires a plaintiff to show that a defendant "actively engage[d]" in or "directly cause[d]" the infringing activity. *Id.* Plaintiff responds that it need not make a showing of volitional conduct because "[t]he viability of the volition doctrine is an open question" which "has never been adopted by the Ninth Circuit and has been rejected by a number of Central District judges." (Dkt. No. 12 ["Pl.'s Opp'n"] at 6.) Plaintiff is correct that the propriety of a volitional conduct requirement is unresolved in this Circuit. *Compare Giganews,* 2013 U.S. Dist. LEXIS 71349, at *16 (adopting volitional conduct requirement and reasoning: "Although the Ninth Circuit has not spoken on the issue, the *Netcom* principle that 'volitional' conduct is required for direct liability has been widely adopted, including by the Second and Fourth Circuits."), *with Arista Records LLC v. Myxer Inc.*, No. CV 08-03935 GAF (JCx), 2011 U.S. Dist. LEXIS 109668, at *49 (C.D. Cal. Apr. 1, 2011) ("[I]n light of the fact that copyright infringement is a strict liability offense, the Court is not inclined to adopt a volitional conduct requirement without clear instruction from the Ninth Circuit, and so declines to apply the so-called volitional conduct requirement.").

This Court need not weigh in on the debate at this time, because even if direct infringement does require volitional conduct, the Complaint is sufficient. Plaintiff alleges that Defendant was not a passive actor, but rather was actively engaged in the alleged infringement:

> Defendants have willfully infringed, and unless enjoined, will continue to infringe Mavrix's copyrights by knowingly reproducing, displaying, distributing, and utilizing the Photos by, among other things, virtue of Defendants' employees' creation of the Website and *establishment and continual moderation and management of the Website's rules that expressly request, encourage and foster infringement by, among other things, specifically asking people to upload third party copyrighted celebrity-based*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SACV 13-00517-CJC(JPRx)                         Date: August 2, 2013
                                                                                                           Page 5

> *content and third-party copyrighted celebrity photographs from content owners' websites and other sources around the internet.*

(Compl. ¶ 18 (emphasis added).) The allegation that Defendant moderates, manages, and "specifically ask[s] people" to upload copyrighted images to the Website distinguishes this case from *Giganews*, in which the court found that the volitional conduct requirement was not met where "Defendants simply programmed their servers to automatically copy, distribute, and display content, including infringing content, uploaded by [] users." *Giganews*, 2013 U.S. Dist. LEXIS 71349, at * 21.[1] Indeed, the Website's rules directly ask users to repost articles and pictures from other websites: "Don't be lazy – Don't be lazy with your posts. Include the article and picture(s) in your post . . . do not simply refer us off to another site for the goods." (Decl. of Katie Townsend in Supp. of Def.'s Mot. ["Townsend Decl."] Exh. E.)[2] Once the content is submitted by users in accordance with the Website's rules, it is then displayed on the Website. (*See* Compl. Exhs. 1–3.) Construed in the light most favorable to Plaintiff, this rule amounts to an invitation to infringe on the copyrights of others and, ultimately, participation in the infringement of the solicited content. While Plaintiff's allegations could certainly be more robust, they are sufficient to withstand a motion to dismiss.

### Secondary Infringement

The Complaint alleges that in addition to directly infringing on Plaintiff's copyrights, Defendants have also infringed "vicariously, contributorily and/or by inducement." (Compl. ¶ 14.) Vicarious infringement and contributory infringement are distinct concepts, and inducement is an element of a claim for contributory infringement. *See Luvdarts, LLC v. AT & T Mobility, LLC*, 710 F.3d 1068, 1071 (9th Cir. 2013) ("Vicarious infringement occurs when one profits from direct infringement while declining to exercise a right to stop or limit it, and contributory infringement liability

---

[1] The Court ignores Plaintiff's contentions in its opposition that Defendant employs an individual who "has made clear in the mass media that he is the person who sifts through hundreds of submissions per day to choose which ones to post . . . [and] claims to have a hand in each of the articles that is posted on the site daily." (Pl.'s Opp'n at 3.) This information is found nowhere in the Complaint and is not properly considered on a 12(b)(6) motion.

[2] The Court may properly consider the Website's online profile which contains its "rules," because these rules are mentioned in and relied upon in the Complaint, (Compl. ¶ 18), and because Plaintiff does not dispute their authenticity. *See Branch,* 14 F.3d at 454.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SACV 13-00517-CJC(JPRx)                            Date: August 2, 2013
                                                                                                               Page 6

requires "inducing or encouraging" direct infringement."). Although the Copyright Act does not expressly render one liable for another's infringement, "these secondary liability doctrines emerged from common law principles and are well established in the law." *Metro-Goldwyn-Mayer Studios Inc. v. Grokster, Ltd.*, 545 U.S. 913, 914 (2005).

     *Contributory Infringement*

     Defendant contends that Plaintiff has failed to allege both elements of contributory infringement. "Liability for contributory copyright infringement attaches if the [defendant] (1) knew of the direct infringement; and (2) [it] either induced, caused, or materially contributed to the infringing conduct." *Luvdarts*, 710 F.3d at 1072. "[T]he first prong requires more than a generalized knowledge by the [defendant] of the possibility of infringement." *Id.* at 1072. But "[a] computer system operator can be held contributorily liable if it 'has *actual knowledge that specific infringing material* is available using its system,' and can 'take simple measures to prevent further damage' to copyrighted works, yet continues to provide access to infringing works." *Perfect 10, Inc. v. Amazon.com, Inc.*, 508 F.3d 1146, 1172 (9th Cir. 2007) ("*Amazon*") (internal citations omitted) (emphasis added).

     Plaintiff has not adequately alleged that Defendant had knowledge that "specific infringing material" was available through the Website. Plaintiff alleges that the Website's rules "expressly request, encourage and foster infringement," (Compl. ¶ 18), but the Complaint is devoid of allegations concerning Defendant's knowledge of the infringement of any particular content, much less the twenty images at issue here. Although Plaintiff now contends that "Defendants [sic] review each infringing work as it is uploaded," (Pl.'s Opp'n at 8), the Complaint contains no such allegation. Plaintiff argues, however, that it need not allege "knowledge of a specific infringing act" because "knowledge of rampant infringement" is sufficient. (Pl.'s Opp'n at 8.) Plaintiff relies on *Fonovisa, Inc. v. Cherry Auction, Inc.*, 76 F.3d 259 (9th Cir. 1996), for this proposition, arguing that "there is no allegation of such specific knowledge in *Fonovisa*." (Pl.'s Opp'n at 8.) But in *Fonovisa*, it was undisputed that the defendant swap meet and its operators "were aware that vendors in their swap meet were selling counterfeit recordings in violation of [the plaintiff's] trademarks and copyrights." *Fonovisa*, 76 F.3d at 261. Moreover, more recent Ninth Circuit authority pertaining to computer technology requires "evidence of actual knowledge of specific acts of infringement" in order to "hold

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SACV 13-00517-CJC(JPRx)                        Date: August 2, 2013
                                                                                                        Page 7

---

a computer system operator liable for contributory copyright infringement." *A&M*, 239 F.3d at 1021. Here, there are no allegations that Defendant was aware of specific acts of infringement. Thus, Plaintiff fails to state a claim.[3]

    *Vicarious Infringement*

    Lastly, Defendant moves for dismissal on the basis that Plaintiff has failed to state a claim for vicarious infringement. "To state a claim for vicarious copyright infringement, a plaintiff must allege that the defendant has (1) the right and ability to supervise the infringing conduct and (2) a direct financial interest in the infringing activity." *Visa*, 494 F.3d at 802. "[A] defendant exercises control over a direct infringer when he has both a legal right to stop or limit the directly infringing conduct, as well as the practical ability to do so." *Amazon*, 508 F.3d at 1173. Here, Plaintiff's allegations are insufficient to show "direct control." Again, the relevant portion of the Complaint is paragraph 18, which alleges "continual moderation and management" of the Website. Because Plaintiff does not explain the nature of the "moderation and management," it is impossible to evaluate the level of control Defendant has over its users.[4] Plaintiff expounds on Defendant's level of control in its opposition, explaining and providing evidence that the Website "is not overseen by third parties at all, but is actually run by a LiveJournal employee. That employee, Brenden Delzer, was hired by LiveJournal to moderate ONTD! . . . Mr. Delzer . . . has made clear in the mass media that he is the person who sifts through hundreds of submissions per day to choose which ones to post . . . . He claims to have a hand in each of the articles that is posted on the site daily." (Pl.'s Opp'n at 2–3.) Plaintiff further asserts that Defendant "encourage[s] users to

---

[3] The allegations of the Complaint are adequate to meet the second prong of the contributory infringement test that Defendant "induced, caused, or materially contributed" to the infringement. Plaintiff has alleged inducement because it alleges that the Website's rules "expressly request, encourage and foster infringement by . . . specifically asking people to upload" copyrighted content. (Compl. ¶ 18.) *See Perfect 10 v. Visa Int'l Serv. Ass'n*, 494 F.3d 788, 801 (9th Cir. 2007) ("*Visa*") (describing the "classic example" of inducement as "an advertisement or solicitation that broadcasts a message designed to stimulate others to commit violations").

[4] The Court has reviewed the Website's "rules," (Townsend Decl. Exh. E), which indicate that Defendant may exercise some control, for example by "banning" racism and discrimination and moderating membership. However, the existence of the rules alone is not enough because Plaintiff must also allege that Defendant has the "practical ability" to supervise. *See Amazon*, 508 F.3d at 1174.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SACV 13-00517-CJC(JPRx)            Date: August 2, 2013
                                                                                     Page 8

upload particular content and [has] personal knowledge of each and every post." (Pl.'s Opp'n at 7.) However, this information is not in the Complaint and Plaintiff cannot rely on it to defeat a motion to dismiss.[5]

**CONCLUSION**

      For the foregoing reasons, Defendant's motion is **GRANTED IN PART AND DENIED IN PART**. Plaintiff shall file an amended complaint consistent with this minute order no later than **August 23, 2013.**

jmc

MINUTES FORM 11
CIVIL-GEN                                                                                Initials of Deputy Clerk: MU

---

[5] Although Plaintiff has not alleged that Defendant has the right and ability to supervise infringing conduct, it has adequately alleged a direct financial interest in the infringing activity. The Complaint states that "the Website and Live Journal make money based upon an ad revenue business model," that "the Website receives 9.8 million page views per day with almost $30,000 a day in ad revenue generated from page views," and that traffic to the Website is driven in part due to the unauthorized presence of copyrighted photos of celebrities. (Compl. ¶ 8.) Accordingly, "Defendants [sic]. . . have, in effect a national online photo library . . . which generates massive revenue for Defendant all by the posting of content, none of which on information and belief is owned or licensed by Defendant." (Compl. ¶ 8.)